IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

LAWRENCE V. WILDER SR.             *
          Plaintiff,
   v.                                          * CIVIL ACTION NO. JFM-06-3463

COMMISSIONER, SOCIAL SECURITY    *
 ADMINISTRATION
          Defendant.               *
                                                ***

## MEMORANDUM

On December 29, 2006, Lawrence Wilder Sr., a resident of Catonsville, Maryland, filed this "complaint" pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. He claims that he filed a request with the Social Security Administration ("SSA") in November of 2005, and in response was told to visit his local SSA office. Paper No. 1. Plaintiff states that after his visit to the local SSA office in Columbia, Maryland, "I was no closer to obtaining my request." *Id*. He considers this a violation of the FOIA and seeks the appointment of counsel,[1] a jury trial, and $10,000,000.00 in damages. *Id*. Plaintiff claims that he was recently granted pauperis status, but will submit additional paperwork if necessary. Because he appears indigent, plaintiff shall be granted leave to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(a). After due consideration, his complaint shall be dismissed.

Based upon the complaint and attachments it appears that plaintiff did not seek agency records in the possession of the SSA. Rather, he filed a questionnaire with the SSA, concerning how

---

[1] Because this case is subject to summary dismissal and this court finds no exceptional circumstances warranting the appointment of counsel, plaintiff's request shall be denied. *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984).

his and his dependent's monthly disability payments were calculated.  Plaintiff raised a panoply of questions going to:

(1) what wages were included to determine the initial award;
(2) what mathematical and statistical formula were used to arrive at the disability amounts;
(3) how the formula was applied to find yearly disability payments;
(4) who is responsible for the W2 accounting of retroactive third-party sick pay social security taxes withheld in specific circumstances;
(5) what retroactive amount was paid when disability payment were approved;
(6) what interest was paid with the retroactive payment; and
(7) what percentage interest was applied when paying the retroactive disability payment.[2]

Paper No. 1 at attachment.

Title 5 U.S.C. § 552 presents a legislative directive to federal agencies to make certain information available to the public. Simply put, the FOIA requires government agencies to disclose to the public any requested documents not excepted by the statute.  *See United States v. Weber Aircraft Corp.,* 465 U.S. 792, 793-94 (1984).  It calls for federal agencies to search their records "for the purpose of locating those records which are responsive to a request." 5 U.S.C. § 552(a)(3)(D). An agency must disclose its records unless such records fall under one of the nine enumerated exceptions set out in § 552(b).[3]  Under § 552(a)(3)(A), each agency, upon any request for records which reasonably describes such records and is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed, shall make the records promptly available to any person.

---

[2] In addition, plaintiff asked for a year- to- year itemization of the formula and variables used with his wages and any other determinating factors.  Paper No. 1 at Attachment.  He asked that all wages earned during his disability and non-disability years be included when researching his requests.  *Id*.

[3] The SSA is a federal agency subject to the FOIA.

Plaintiff does not seek pre-existing public records that were generated by the SSA that would be subject to FOIA disclosure. He is simply asking the SSA to research, investigate, and answer his questions concerning his disability payments. The FOIA does not, however compel an agency to "investigate" a request, in the sense that an agency of the federal government normally investigates such things as allegations of fraud, crimes, or other wrongdoing. Rather, the Act simply forces agencies to "make [their] records promptly available," upon proper request. *See* 5. U.S.C. § 552(a)(3)(A). Consequently, the court finds that plaintiff's questionnaire sent to the SSA does not comprise a proper request under the FOIA.[4]

A separate Order shall be entered granting plaintiff leave to proceed in forma pauperis, but dismissing this action without requiring a response from defendant.

Date:   January 17, 2007                             /s/
                                              Catherine C. Blake for J. Frederick Motz
                                              United States District Court Judge

---

[4] Moreover, even assuming that plaintiff's request to the SSA falls under the orbit of the FOIA, the undersigned finds that he has failed to demonstrate that the SSA has not fully complied with the terms of the Act. Plaintiff states that after being directed to and visiting his local SSA office to obtain the information he sought, he was "no closer to obtaining my request." This affirmation does not alone suggest that defendant has improperly withheld the record in question, thus triggering the jurisdiction of this district court. Petitioner does not indicate what, if any, response he received from SSA in regard to his request.